**Opinion filed September 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00188-CV

_____

## IN RE JENNI GLASS

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Jenni Glass, has filed in this court a petition for writ of mandamus that relates to a suit affecting the parent–child relationship between Relator and her children: Cause No. 11603 in the 50th District Court of Baylor County. The Department of Family and Protective Services filed the underlying suit in August 2020. Relator asserts in her petition that the trial court, in a July 22, 2021 hearing, "overruled" her objection to the father and the intervenors being represented by attorneys who were "legally disqualified" from participating in this case. According to Relator, these two attorneys were county attorneys for counties other than Baylor County and, as such, were prohibited from representing any party adverse to the State of Texas in any court proceeding. *See* TEX. CODE CRIM. PROC. ANN. art.

2.08(a) (West Supp. 2020).[1]  We deny Relator's petition for writ of mandamus as moot.

At the July 22 hearing, Relator objected based upon what she believed was an unethical conflict of interest for a county attorney in a "CPS" case[2] such as this to represent any party that is opposed to the State.  Relator cited Article 2.08 of the Texas Code of Criminal Procedure in support of her objection.  *See id.*  After some discussion on the matter, the trial court ruled that it was not prepared to disqualify the county attorneys at that time and overruled Relator's objection for the limited purposes of continuing with the hearing that day, but the trial court further stated that it was not going to rule on Relator's objection without giving the county attorneys an opportunity to brief the issue.  After the hearing, the county attorney for Young County withdrew from his representation of the father, and the county attorney for Knox County withdrew from her representation of the intervenors.

We have considered Relator's petition and have concluded that it is moot and should be denied.  Relator asserts that her petition is not moot because it is the standard operating procedure of the district court in Baylor County to appoint or allow county attorneys to represent parties adverse to the State, and Relator suggests that mandamus should issue to prevent further violations in other cases.  We decline Relator's invitation, as we are prohibited from issuing advisory opinions.  *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *In re Lopez*, 593 S.W.3d 353, 358 (Tex. App.—Tyler 2018, orig. proceeding).

---

[1]Article 2.08(a) provides: "District and county attorneys shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State."

[2]We note that, pursuant to statute, county attorneys are generally tasked with the representation of the Department in any action under the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 264.009(a) (West 2019).

The prohibition against issuing advisory opinions stems from the mootness doctrine, which is a constitutional limitation founded in the separation of powers between the branches of government. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021). "A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Id.* at 634–35. Any decision that this court could render would be an advisory one that would not affect the rights of the parties before this court or settle an existing controversy between the parties. *See id.* at 635; *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). Therefore, we hold that Relator's petition for writ of mandamus is moot.

Because the issue of disqualification of the county attorneys in the underlying case has resolved itself by the withdrawal of those two attorneys, we deny Relator's petition for writ of mandamus as moot.

PER CURIAM

September 9, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3